Michael C. Sullivan (State Bar No. 131817)
PAUL, PLEVIN, SULLIVAN
& CONNAUGHTON LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: (619) 237-5200
Facsimile: (619) 615-0700
msullivan@paulplevin.com

Michael Porter, P.C., OSB No. 003560
*(admitted pro hac vice)*
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 224-5858
Facsimile: (503) 224-0155
mike.porter@millernash.com

Attorneys for Defendant
Oregon State University

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY FRANCIS,<br><br>          Plaintiff,<br><br>v.<br><br>OREGON STATE UNIVERSITY, TARAS LISKEVYCH, and DOES 1 Through 100 inclusive,<br><br>          Defendants. | Case No. 3:16-cv-01860-WQH-WVG<br><br>**DEFENDANT OREGON STATE UNIVERSITY'S MOTION TO DISMISS**<br><br>**<u>NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT</u>**<br><br>Judge: Hon. William Q. Hayes<br>Trial Date: Not Set |

## **<u>MOTION</u>**

In accordance with Fed. R. Civ. P. 12(b)(6), defendant Oregon State University ("OSU") moves to dismiss the complaint because it fails to state a claim

- 1 -        CASE NO. 16CV1860WQHWVG

on which relief can be granted. OSU relies on the points and authorities below and the records and files in this matter.

**MEMORANDUM**

## I. INTRODUCTION

Sydney Francis is a former OSU volleyball player. Her complaint alleges that she was promised an athletic scholarship for her freshman and senior years, but that after her freshman year, she learned that she would have to "earn" her senior-year scholarship. According to the complaint, however, over the next two years, Francis's playing time decreased and her relationship with her coach soured. After her junior year, Francis was dismissed from the team—but the complaint does not indicate whether she received a scholarship for her senior year. Francis nevertheless accuses OSU and her former coach of breaching her scholarship contract, and alleges claims for intentional infliction of emotional distress ("IIED"), civil conspiracy, and punitive damages.[1]

Because Francis fails to allege facts sufficient to support any viable claim against OSU, the court should grant OSU's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (to survive a motion to dismiss, plaintiff's factual allegations must "state a claim to relief that is plausible on its face.") (internal quotation marks and citation omitted).

---

[1] Francis also appears to assert claims for "Fraud-Deceit" and "Fraud-Bad Faith." (Compl. ¶ 46.) But the fifth page of Francis's complaint was not filed, and therefore these claims (and paragraphs 24 through 32) are missing from the complaint. As this Court is aware, OSU's counsel notified Francis's counsel that this page was missing from the complaint, but Francis's counsel has not yet corrected the issue. Accordingly, because there are no allegations currently in the complaint pertaining to "Fraud-Deceit" and "Fraud-Bad Faith," these claims should be dismissed.

- 2 -    CASE NO. 16CV1860WQHWVG

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND

## II. THE ALLEGATIONS OF THE COMPLAINT

Francis is a senior at OSU and formerly a member of its women's volleyball team.[2] She was recruited by OSU's former head volleyball coach, Taras Liskevych. (Compl. ¶¶ 8-9.) The complaint asserts that "to persuade [Francis] to play at OSU," Liskevych promised her a full scholarship, without "any conditions or qualifications," for her freshman and senior years. (Compl. ¶ 11.) She was not promised a scholarship for her sophomore and junior years.

Francis received a full scholarship during her freshman year (the 2013-2014 academic year). But according to the complaint, in the spring of that year, Liskevych "called a meeting with [Francis] and told her that in order to receive her second year of scholarship she would have to earn it . . . [by] start[ing] more than one-half of the games" during her sophomore and junior years. (Compl. ¶ 13.) Over the course of her sophomore and junior years, Francis's coaches reiterated these performance standards (Compl. ¶¶ 16, 20), which Francis asserts were "completely contrary" to the scholarship offer to which she had agreed. (Compl. ¶ 14.) Francis's parents also raised this issue with the OSU Athletic Department. (Compl. ¶ 18.)

During Francis's junior year (the 2015-2016 academic year), a scholarship became available for the women's volleyball team. The scholarship covered tuition and fees for the winter, spring, and summer quarters of the 2015-2016 academic year (but not fall quarter of that year). OSU offered the scholarship to Francis, but according to the complaint, she "refused to accept" it. (Compl. ¶ 23.) The complaint appears to suggest—but does not specifically

---

[2] For purposes of this motion to dismiss only, OSU treats all allegations as true. *Keams v. Tempe Tech. Inst., Inc.*, 39 F.3d 222, 224 (9th Cir. 1994).

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
PORTLAND

allege—that the scholarship was initially offered in lieu of providing Francis with a scholarship during her senior year. *Id.*

Near the end of the volleyball season during Francis's junior year, Francis received a "Return[ing] Players Letter," which she apparently interpreted as confirmation that she would keep her position on the team the following year. (Compl. ¶ 23.) At the end of her junior-year season, however, Francis was dismissed from the team. (Compl. ¶ 19.) This lawsuit followed, alleging that OSU breached an agreement with Francis, and that Francis's coach acted tortiously by imposing performance standards on Francis and "threat[ening] [to] withdraw" her scholarship if she did not meet these standards.

The complaint does not allege that OSU actually failed to provide Francis with a full scholarship for her senior year.

## III. POINTS AND AUTHORITIES

### A. The Complaint Fails to State a Breach-of-Contract Claim Because Francis Has Not Alleged That OSU Failed to Perform Its Contractual Obligations.

Francis's first cause of action alleges a breach of contract. It appears from the complaint that the alleged breach occurred when, after promising Francis a full scholarship for her senior year, defendants (1) informed Francis that "she would have to earn" her senior-year scholarship by "start[ing] more than one-half of the games" in her sophomore and junior years (Compl. ¶ 13) and then (2) offered her a different scholarship during her junior year. (Compl. ¶ 23.) As noted above, the complaint *does not* allege that OSU failed to award Francis the

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND

promised senior-year scholarship, which is independent of her dismissal from the volleyball team.[3]

As an initial matter, this claim is properly analyzed under Oregon law. Federal courts sitting in diversity apply the choice-of-law rules of the state where the court sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Cal. Civ. Code § 1646, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed." Since there is no dispute that the contract (the athletic scholarship) was to be performed at OSU in Oregon, Oregon law applies.

To state a viable breach of contract claim under Oregon law, Francis must allege that (1) the parties had an enforceable contract, (2) OSU breached the terms of this contract, and (3) Francis sustained recoverable damages as a result of OSU's breach.

### 1. Francis does not allege a contractual breach.

Francis's breach-of-contract claim should be dismissed because it fails to allege that OSU actually breached any of its contractual obligations to Francis. Although Francis asserts that she was promised a full scholarship for her senior year at OSU, she does *not* allege that she did not receive this scholarship. Accordingly, absent any allegations that OSU failed to award Francis the promised scholarship, Francis's first cause of action fails as a matter of law.

### 2. Francis also does not allege any recoverable damages.

Francis's also fails to plead facts to establish the third element of a viable breach of contract claim because she does not identify any recoverable damage as a result of OSU's alleged conduct. The remedy for breach of contract is

---

[3] To clarify, students may still be eligible to receive an athletic scholarship when they are dismissed from an OSU athletic team.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
PORTLAND

limited to a party's expectation interest. *Zehr v. Haugen*, 318 Or. 647, 658, 871 P.2d 1006 (1994). A party's expectation interest "plac[es] the aggrieved party in the position that he or she would have occupied had the contract been fully performed." *Id.* Here, Francis's expectation interest is the value of her senior-year scholarship. But Francis has not alleged that OSU failed to award her this scholarship. Thus, even if Francis plausibly alleges that OSU breached its contractual obligations by requiring her to earn her senior-year scholarship, her claim still fails because she has not alleged recoverable damages.

The Court should dismiss Francis's breach-of-contract claim because the complaint fails to plausibly suggest that OSU breached any contractual obligation to Francis or that Francis has sustained any recoverable damages.

### B. Francis's IIED Claim Should be Dismissed Because The Complaint Does Not Allege Outrageous Conduct.

Francis next claims that OSU is liable for IIED because Liskevych allegedly threatened to withdraw Francis's athletic scholarship. (Compl. ¶ 38.) This claim should be dismissed because it fails to plausibly state a claim for IIED.

#### 1. Francis's IIED claim should be analyzed under Oregon law.

As explained in Section A, a federal court sitting in diversity applies the choice-of-law rules of the state in which the court sits. *Klaxon Co.*, 313 U.S. at 496. California courts have held that a tort completed in a foreign jurisdiction provides a presumptive interest in applying the foreign state's law. *Castro v. Budget Rent-A-Car Sys., Inc.*, 154 Cal. App. 4th 1162, 1180, 65 Cal. Rptr. 3d 430 (2007). In this case, the allegedly tortious conduct (meetings at which defendants allegedly threatened to take away Francis's scholarship) took place in Oregon.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
PORTLAND

(*See, e.g.*, Compl. ¶¶ 13, 16, 20.) Consequently, under California's choice-of-law rules, Francis's claim is governed by Oregon law.

### 2. The alleged conduct is not outrageous under Oregon law.

To prove IIED under Oregon law, a plaintiff must establish that "(1) the defendant intended to inflict severe emotional distress on the plaintiff, (2) the defendant's acts were the cause of the plaintiff's severe emotional distress, and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct." *McGanty v. Staudenraus*, 321 Or. 532, 543, 901 P.2d 841 (1995) (internal quotation marks and citation omitted). Only conduct "'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community'" will support a sufficiently outrageous transgression to sustain an IIED claim. *House v. Hicks*, 218 Or. App. 348, 358, 179 P.3d 730 (2008) (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). Whether the defendant's alleged conduct rises to this level of outrageousness is a question of law. *Tenold v. Weyerhaeuser Co.*, 127 Or. App. 511, 517, 873 P.2d 413 (1994), *rev. dismissed*, 321 Or. 561 (1995).

As a matter of law, Francis does not allege conduct that is sufficiently outrageous to sustain an IIED claim. Francis's claim is essentially that when she was recruited to play volleyball for OSU, she was promised an athletic scholarship for her senior year (Compl. ¶ 11) and she later became distressed when her coaches told her that she would have to earn this scholarship through her athletic performance during her sophomore and junior years. (Compl. ¶¶ 13, 16, 20.)

These alleged "threats" to Francis's scholarship do not constitute outrageous conduct sufficient to state a claim for IIED. First, it is not outrageous for a college athlete to be expected to earn a scholarship through athletic

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
PORTLAND

performance—irrespective of whether she understood this when she was recruited. Moreover, Francis does not even allege that OSU carried out these alleged "threats" to withdraw her scholarship—thus wholly undermining Francis's claim that defendants' conduct was so outrageous in character as to be actionable. Accordingly, Francis has failed to state a claim for IIED that is plausible on its face under Oregon law.[4]

### C. Francis's Civil Conspiracy and Punitive Damages Claims Should Be Dismissed Because Neither Is a Recognized Claim in Oregon or in California.

Francis's claims for civil conspiracy and punitive damages should be dismissed because neither of these claims is a recognized cause of action under Oregon or California law.

#### 1. Civil conspiracy is a theory of joint liability, not a cause of action.

Francis' fifth cause of action alleges that OSU engaged in a civil conspiracy. This claim should be dismissed because civil conspiracy is not a

---

[4] In addition, as explained in Section D, Francis's claims against Liskevych should be dismissed because Liskevych has not been served in accordance with Fed. R. Civ. P. 4. (Defense counsel appears on behalf of Liskevych for the limited purpose of asserting that this Court does not have jurisdiction over Liskevych.) Moreover, the Oregon Tort Claims Act (the "OTCA") bars Francis from asserting a tort claim against any employee of OSU. *See* ORS 30.260(4), 174.117 (defining "public university" as a "special government body"), 174.109 (defining "special government bodies" as a "public body" for the purposes of the OTCA). The application of the OTCA to Francis's claim is appropriate under principles of comity. *See, e.g.*, *Milwaukee Cty. v. M.E. White Co.*, 296 U.S. 268, 272-73 (1935) ("Where suits to enforce the laws of one state are entertained in the courts of another on the principle of comity, the federal District Courts sitting in that state may entertain them and should if they do not infringe federal law or policy."). Under the OTCA, "[t]he sole cause of action for a tort committed by . . . employees . . . of a public body acting within the scope of their employment or duties . . . is an action under [the OTCA]. . . . No other form of civil action is permitted." ORS 30.265(2). Accordingly, tort claims against employees of OSU are not cognizable.

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
PORTLAND

separate cause of action under Oregon or California law; rather, it is a theory of joint liability. *See Bonds v. Landers*, 279 Or. 169, 175, 566 P.2d 513 (1977) (explaining that "civil conspiracy is not an independent tort" in Oregon); *Granewich v. Harding*, 329 Or. 47, 53, 985 P.2d 788 (999) (affirming that civil conspiracy is not a separate cause of action, but instead is one "of several ways in which a person may become jointly liable for another's tortious conduct"); *Applied Equip. Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal. 4th 503, 510-11, 869 P.2d 454 (1994) (explaining that in California, "[c]onspiracy is not a cause of action, but a legal doctrine that imposes liability on persons who . . . share with the immediate tortfeasors a common plan or design in its perpetration").

Consequently, Francis's allegation that OSU "consented, intended, and/or acquiesced to the [allegedly tortious] conduct" (Compl. ¶ 43) fails to plausibly state a claim for relief recognized under Oregon or California law. This claim should be dismissed with prejudice.

### 2. Public entities are not subject to punitive damages under California or Oregon law.

Francis's final cause of action asserts that OSU is liable for punitive damages under Cal. Civ. Code § 3294. (Compl. ¶ 46.) Like Francis's civil conspiracy claim, a claim for punitive damages does not constitute a separate cause of action. And in any event, the California Government Code specifically abolished any liability for punitive damages against public entities, such as OSU. *See* Cal. Gov't Code § 818 ("Notwithstanding any other provision of law, *a public entity is not liable for damages awarded under Section 3294 of the Civil Code* or other damages imposed primarily for the sake of example and by way of punishing the defendant.") (emphasis added).

MILLER NASH GRAHAM & DUNN LLP
ATTORNEYS AT LAW
PORTLAND

Francis is also prohibited from seeking punitive damages under Oregon law. In Oregon, "[p]unitive damages may not be awarded on any claim subject to [the OTCA]." ORS 30.269(1). Because Francis's causes of action against OSU, and its officers, employees, and agents, are subject to the OTCA, her claim for punitive damages is barred as a matter of law and should be dismissed with prejudice. ORS 30.265(1) (scope of liability of public body, officers, employees, and agents).

### D. Liskevych Has Not Been Properly Served.[5]

In accordance with Fed. R. Ci. P. 4, service of process on an individual defendant may be executed only by personal service, by service at the defendant's dwelling or usual place of abode, by service to an authorized agent of the defendant, or according to the laws of the state where the district court is located. Since this Court sits within California, service of process may be executed by one of the methods identified in Cal. Code Civ. P. § 415.10 et seq. The Court must dismiss the complaint if service of process is not completed within 90 days after the complaint has been filed. Fed. R. Civ. P. 4(m).

Francis filed her complaint on July 21, 2016. As of the date of OSU's motion, Francis has not effected personal service on Liskevych, nor served Liskevych through any of the other acceptable methods of service of process.[6] *See* Fed. R. Civ. P. 4(e); Cal. Civ. P. Code § 415.10 et seq. Because it has been more

---

[5] As previously noted, counsel appears on behalf of Liskevych for the limited purpose of asserting that this Court does not have jurisdiction over Liskevych because he has not received proper service of process.

[6] Francis attempted to serve Liskevych by delivering a copy of the summons and complaint to the OSU Office of General Counsel. But OSU is not an authorized agent of Liskevych for the purpose of service of process, and therefore this attempt at service was not good service. Liskevych is not employed by OSU. (Declaration of Naomi Horne.)

MILLER NASH GRAHAM & DUNN LLP ATTORNEYS AT LAW PORTLAND

than 90 days since Francis filed her complaint and Liskevych yet to be properly served, the Court should dismiss all claims against Liskevych.

## IV. CONCLUSION

For the reasons described above, Francis cannot prevail on any of her claims against OSU or her former coach as a matter of law. Francis fails to allege that OSU actually breached any contractual promise to her, her complaint does not identify sufficiently outrageous conduct to state a claim for IIED, and her claims for civil conspiracy and punitive damages are not viable under Oregon or California law. In addition, because Liskevych has not received proper service under Fed. R. Civ. P. 4, all claims against this individual defendant fail. Accordingly, all of Francis's claims should be dismissed and judgment entered for OSU and Liskevych.

DATED this 30th day of November, 2016.

MILLER NASH GRAHAM & DUNN LLP

s/Michael Porter
Michael Porter, OSB No. 003560
michael.porter@millernash.com
Miller Nash Graham & Dunn LLP
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204
Telephone: (503) 224-5858
Fax: (503) 224-0155

*Attorneys for Defendant*
*Oregon State University*

- 11 -     CASE NO. 16CV1860WQHWVG

# PROOF OF SERVICE

### Francis v. Oregon State University et al.
### Case No. 16 CV 1860 WQH WVG

**STATE OF OREGON, COUNTY OF MULTNOMAH**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Multnomah, State of Oregon. My business address is 111 S.W. Fifth Avenue, Suite 3400, Portland, Oregon 97204.

On November 30, 2016, I served true copies of the following document(s) described as **DEFENDANT OREGON STATE UNIVERSITY'S MOTION TO DISMISS** on the interested parties in this action as follows:

> Mr. Thomas Christy
> Law Office of Thomas Christy
> 9750 Miramar Road, Suite 215
> San Diego, California 92126
> Telephone: (858) 586-0486
> E-Mail: tom@thomaschristy.com
> Attorney for Plaintiff

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am admitted pro hac vice of the bar of this Court and that service was made.

Executed on November 30, 2016, at Portland, Oregon.

s/Michael Porter
Michael Porter

- 1 -    CASE NO. 16CV1860WQHWVG

MILLER NASH
GRAHAM & DUNN
LLP
ATTORNEYS AT LAW
PORTLAND