Michael C. Sullivan (State Bar No. 131817)
PAUL, PLEVIN, SULLIVAN
& CONNAUGHTON LLP
101 West Broadway, Ninth Floor
San Diego, California 92101-8285
Telephone: (619) 237-5200
Facsimile: (619) 615-0700
msullivan@paulplevin.com

Michael Porter, P.C., OSB No. 003560
*(admitted pro hac vice)*
MILLER NASH GRAHAM & DUNN LLP
3400 U.S. Bancorp Tower
111 S.W. Fifth Avenue
Portland, Oregon 97204
Telephone: (503) 224-5858
Facsimile: (503) 224-0155
mike.porter@millernash.com

Attorneys for Defendant
Oregon State University

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY FRANCIS,<br><br>Plaintiff,<br><br>v.<br><br>OREGON STATE UNIVERSITY, TARAS LISKEVYCH, and DOES 1 Through 100 inclusive,<br><br>Defendants. | Case No. 3:16-cv-01860-WQH-WVG<br><br>**DEFENDANT OREGON STATE UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO CHANGE VENUE**<br><br>**[No Oral Argument Unless Requested by the Court]**<br><br>Judge: Hon. William Q. Hayes<br>Trial Date: Not Set |

# I. REPLY TO PLAINTIFF'S ARGUMENTS

The District Court of Oregon is the most appropriate venue to adjudicate this matter because it can compel the attendance of key witnesses and Sydney Francis's ("Francis") claims are governed by Oregon law. Francis, however, opposes the motion by Oregon State University ("OSU") to change the venue of this lawsuit to Oregon principally on the grounds that Francis has selected California as the forum because, according to Francis's motion, she intends to return to California after she graduates from OSU. Although Francis's choice of forum is entitled to "some weight," it is not dispositive, as Francis appears to presume. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 n.6 (2013) (citing *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955)).

As an initial matter, however, the Court does not need to rule on OSU's motion to change venue if it first grants OSU's motion to dismiss for failure to state a claim. The issue of venue only remains if the motion to dismiss is denied.[1] But if the Court does rule on OSU's motion to change venue, the bulk of the *Atl. Marine Constr. Co.* factors weigh in favor of transferring venue to Oregon. *See Atl. Marine Constr. Co*, 134 S. Ct. at 581 n.6 (these factors include (1) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, (2) the cost of obtaining the attendance of willing witnesses, (3) the relative ease of access to sources of proof, (4) all practical problems that make trial of a case easy, expeditious, and inexpensive, (5) the plaintiff's choice of forum, (6) the local interest in having localized controversies decided at home, and (7) the interest in having the trial of a diversity case in a forum that is at home with the law).

[1] Of course the motion could be transferred if the court considers the motion to change venue before OSU's motion to dismiss.

Among the factors is the District Court's ability to compel the attendance of unwilling witnesses. This is a key factor. The majority of the potential witnesses in this case are employed at or associated with OSU in Corvallis, Oregon. (*See* Doc. No. 12-1, Declaration of Andrea Bibee.) Any such witness who is unwilling to travel to Southern California for this lawsuit cannot be compelled to; whereas Fed. R. Civ. P. 45(c) allows the District of Oregon to compel their attendance. And, as discussed in OSU's motion, the other factors heavily favor the case proceeding in the District of Oregon. Costs to the parties for arranging testimony of a willing witness will be higher with a California trial. Practical issues favor Oregon. For example, OSU associated individuals would have to make travel arrangements for trial instead of being able to be on standby; thus flexibility with witnesses and court scheduling would be far more difficult if the case proceeds in California. And Oregon has a strong local interest in addressing allegations concerning students that attend institutions of higher education in the state.

Additionally, Francis incorrectly claims that she would be disadvantaged by trying this case in Oregon (in the event it were to proceed beyond motion practice) because "other than attendance at OSU, . . . she has not availed herself of" the Oregon courts. (Doc. No. 17 at 2.) Francis's complaint shows that she has attended school in Corvallis, Oregon, for four years, which is more than sufficient to avail herself of Oregon's jurisdiction on its own. But moreover, her lawsuit centers on an alleged breach of an athletic scholarship provided by OSU, which gave Francis the opportunity to compete for OSU's volleyball team in Oregon. Francis has had sufficient contacts with Oregon to avail her of its jurisdiction and her response does not identify any reasons that she would be at a disadvantage trying her case in Oregon's district court.

Francis also erroneously asserts (without any legal analysis) that her claims are governed by California law because she was recruited in California and allegedly the terms of her scholarship agreement were negotiated in California. But as OSU explained in its motion to dismiss, under California's choice-of-law rules for breach of contract *and* tort claims, Francis's claims are governed by Oregon law. (OSU Motion to Dismiss at 5 (contract claim), 6 (tort claims).) Adjudicating this matter in the United States District Court for the District of Oregon is therefore more appropriate than adjudicating it in California.

## II. CONCLUSION

For the reasons explained in OSU's motion to change venue and in this reply, this action should be transferred to the United States District Court for the District of Oregon.

Dated: December 30, 2016 MILLER NASH GRAHAM & DUNN LLP

By: */s/ Michael Porter*
MICHAEL PORTER
*(admitted pro hac vice)*
Attorneys for Defendant
Oregon State University

# PROOF OF SERVICE

***Francis v. Oregon State University et al.***
**Case No. 16 CV 1860 WQH WVG**

**STATE OF OREGON, COUNTY OF MULTNOMAH**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Multnomah, State of Oregon. My business address is 111 S.W. Fifth Avenue, Suite 3400, Portland, Oregon 97204.

On December 30, 2016, I served true copies of the following document(s) described as **DEFENDANT OREGON STATE UNIVERSITY'S REPLY IN SUPPORT OF ITS MOTION TO CHANGE VENUE** on the interested parties in this action as follows:

Mr. Thomas Christy
Law Office of Thomas Christy
9750 Miramar Road, Suite 215
San Diego, California 92126
Telephone: (858) 586-0486
E-Mail: tom@thomaschristy.com
Attorney for Plaintiff

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of Michael Porter, an attorney admitted pro hac vice of the bar of this Court in the subject case, at whose direction the service was made.

Executed on December 30, 2016, at Portland, Oregon.

Lisa Marie Wetzel

Lisa Marie Wetzel

4824-2499-0015.1