# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY FRANCIS,<br><br>　　　　　Plaintiff,<br>　v.<br><br>OREGON STATE UNIVERSITY; TARAS LISKEVYCH; and DOES 1 through 100, inclusive,<br><br>　　　　　Defendants. | CASE NO. 16cv1860-WQH-WVG<br><br>ORDER |

HAYES, Judge:

　　　The matter before the Court is the Motion for Leave to Amend Complaint. (ECF No. 24).

**I. Background**

　　　On July 21, 2017, Plaintiff Sydney Francis initiated this action by filing a complaint against Defendants Oregon State University and Taras Liskevych alleging causes of action for (1) breach of contract, (2) fraud/deceit, (3) fraud/bad faith, (4) intentional infliction of emotional distress, (5) civil conspiracy, and (6) punitive damages. (ECF No. 1).

　　　On June 1, 2017 the Court issued an order dismissing the complaint in its entirety. (ECF No. 23). The Court dismissed certain causes of action for failure to state a claim pursuant to Rule 12(b)(6). However, Plaintiff's causes of action for "fraud-deceit" and "fraud-bad faith" were dismissed because they were contained on a page of the complaint that was not properly served upon the Defendants. *Id.* at 13-14. The order stated in part:

> The complaint is dismissed in its entirety without prejudice as to both Defendant Oregon State University and Defendant Taras Liskevych. (ECF No. 1). Any motion to file an amended complaint shall be filed within 60 days of the date this Order is filed pursuant to Local Civil Rule 7.1. If no motion to file an amended complaint is filed, the Clerk of Court shall close the case.

(ECF No. 23).

On July 3, 2017, Plaintiff filed a Motion for Leave to Amend Complaint. (ECF No. 24). Defendant Oregon State University filed a response in opposition. (ECF No. 25). The docket reflects that Plaintiff has not filed a reply.

**II. Discussion**

Plaintiff contends that leave to amend should be granted because there is no undue delay or prejudice to Defendants. (ECF No. 24-1). Plaintiff contends that her amended complaint would not be futile because she "has substantial claims against the Defendants for tortious conduct independent and apart from the breach of contract claim." *Id.* at 3.

Defendant contends that leave to amend should be denied because the addition of the previously missing page of the complaint does not cure the deficiencies of the complaint. (ECF No. 25 at 2). Defendant contends that Plaintiff fails to allege sufficient facts to allege a cognizable claim for fraud under Oregon or California law. *Id.* at 3-5. Defendant contends that Plaintiff's fraud claims are barred by the statute of limitations under Oregon law. *Id.* at 5-6.

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of

amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004). "Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citations omitted). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

The Court concludes that Defendant has not made a sufficiently strong showing of the *Foman* factors to overcome the presumption of Rule 15(a) in favor of granting leave to amend. *See Eminence Capital*, 316 F.3d at 1052. The Court will defer consideration of any challenge to the merits of the proposed amended complaint until after the amended pleading is filed. *See Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812, at *2 (N.D. Cal. Oct. 31, 2006) ("In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

**III. Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to Amend Complaint (ECF No. 24) is granted. No later than fourteen (14) days from the date this order is issued, Plaintiff may file the proposed first amended complaint which is attached to the motion. If Plaintiff does not file the first amended complaint within fourteen days, the Court will order the Clerk of Court to close this case.

DATED: September 11, 2017

**WILLIAM Q. HAYES**
United States District Judge