FILED

17 NOV 29 AM 11:40

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: LC         DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYDNEY FRANCIS,<br><br>　　　　　　　Plaintiff,<br>v.<br>OREGON STATE UNIVERSITY; TARAS LISKEVYCH; and DOES 1 through 100 inclusive,<br><br>　　　　　　　Defendants. | CASE NO. 16cv1860-WQH-WVG<br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss Plaintiff's First Amended Complaint. (ECF No. 29).

**I. BACKGROUND**

On July 21, 2016, Plaintiff Sydney Francis initiated this action by filing a Complaint alleging the following causes of action against Defendants Oregon State University ("OSU"), Taras Liskevych, and Does 1 through 100, inclusive. (ECF No. 1).

On June 1, 2017, the Court issued an Order denying a motion to change venue filed by Defendant OSU and granting a motion to dismiss for failure to state a claim filed by Defendant OSU. (ECF No. 23). The Court also dismissed the complaint against Defendant Taras Liskevych for insufficient service. *Id.*

On July 3, 2017, Plaintiff filed a motion for leave to file an amended complaint. (ECF No. 24). On September 11, 2017, the Court granted the motion for leave to file

an amended complaint. (ECF No. 27). On September 19, 2017, Plaintiff filed the first amended complaint. (ECF No. 27). In the first amended complaint, Plaintiff alleges the following causes of action against Defendants OSU and Liskevych: (1) breach of contract; (2) fraud/deceit; (3) fraud/bad faith; (4) intentional infliction of emotional distress; (5) civil conspiracy; and (6) punitive damages. (ECF No. 27). These causes of action generally arise from allegations that Defendants cancelled Plaintiff's athletic scholarship to play volleyball for OSU and dismissed her from the team at some point following her freshman year. *Id.*

On October 3, 2017, Defendant OSU filed a motion to dismiss the first amended complaint. (ECF No. 29). Defendant OSU contends the amended complaint fails to cure the deficiencies of the prior complaint. Defendant OSU contends that Plaintiff fails to state any claim with respect to each cause of action alleged in the first amended complaint. *Id.*

The record reflects that Plaintiff has not filed a response in opposition to the motion to dismiss.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "A district court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).

A district court may properly grant an unopposed motion pursuant to a local rule where the local rule permits, but does not require, the granting of a motion for failure to respond. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for failing to oppose a motion to dismiss, based on a local rule providing that "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of the motion"). Civil Local Rule 7.1 provides, "If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." CivLR 7.1(f)(3)(c). "Although there is ... a [public] policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (quoting *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991)) (affirming dismissal for failure to prosecute).

The docket reflects that the motion to dismiss for failure to state a claim was served on Plaintiff's counsel on October 3, 2017. The docket reflects that Defendant OSU obtained a hearing date of November 6, 2017 for its motion to dismiss. (ECF No. 29-1). Pursuant to the local rules, Plaintiff was to file any response to the motion to dismiss no later than fourteen days prior to the hearing date. The docket reflects that Plaintiff has failed to file any response to the motion as required by Civil Local Rule 7.1.e.2. The Court construes Plaintiff's failure to oppose the motion to dismiss as "a consent to the granting of" the motions. CivLR 7.1(f)(3)(c). Upon a review of the motion to dismiss and the First Amended Complaint, the Court concludes that Defendant OSU's motion raises meritorious arguments sufficient to establish that Plaintiff fails to state a claim against OSU with respect to each cause of action in the First Amended Complaint. Fed. R. Civ. P. 12(b)(6). The motion to dismiss is granted. (ECF No. 29).

## III. RULING OF THE COURT

IT IS HEREBY ORDERED that the motion to dismiss filed by Defendant Oregon State University is GRANTED. (ECF No. 29). The Complaint is dismissed without prejudice as to Defendant Oregon State University. Plaintiff shall file any motion for leave to file an amended complaint pursuant to Local Civil Rule 7.1 and within thirty (30) days of the date this Order is issued.

The record reflects that no proof of service or responsive pleading has been filed with respect to Defendant Taras Liskevych. Federal Rule of Civil Procedure 4(m) requires that a summons and complaint be served "within 90 days after the complaint is filed . . . ." Fed. R. Civ. P. 4(m). If a plaintiff fails to serve the summons and complaint within that time limit, the court may dismiss the action without prejudice after notice to the plaintiff. *Id.* This Order constitutes notice to Plaintiff that the Court will dismiss this action against Defendant Liskevych without prejudice on **December 20, 2017** unless, no later than that date, Plaintiff files either (1) proof that service of the summons and complaint was timely effectuated or (2) a declaration under penalty of perjury showing good cause for failure to timely effect service upon the Defendant Liskevych accompanied by a motion for leave to serve process outside of the 90-day period.

DATED: 11/29/17

WILLIAM Q. HAYES
United States District Judge